511 S.E.2d 457

**Audra Kay CLAYPOOLE, Plaintiff below, Appellee,**

v.

**Charles Otis CLAYPOOLE, Defendant below, Appellant.**

No. 24996.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 1998.

Decided Dec. 10, 1998.

Audra Kay Claypoole, Pro Se, Appellee.

Thomas M. Regan, Esq., Elkins, West Virginia, Attorney for Appellant.

PER CURIAM:

This case is before us on appeal from an order of the Circuit Court of Randolph County, dated June 16, 1997, that granted a divorce to the appellant, Charles Claypoole, and the appellee, Audra Claypoole. Mr. Claypoole appeals the court's award of 50 percent of Mr. Claypoole's monthly pension benefits to Audra Claypoole, when these benefits become payable after Mr. Claypoole's retirement.

## I.

The appellant and the appellee were married in 1973 and separated in February of 1996. Mrs. Claypoole filed for divorce in Randolph County and the matter was heard before a family law master, who made a recommended order. Both parties filed petitions for review with the circuit court, which approved the law master's recommended order.

The order awarded alimony to the appellee and divided the marital assets, including Mr. Claypoole's pension benefits. Mr. Claypoole was employed at the time the divorce order was entered and had not begun to receive retirement pension benefits. The order established the value of the pension benefits, and provided that one-half of the monthly retirement benefits, when these benefits were paid, were to be given to Mrs. Claypoole.[1] On appeal Mr. Claypoole contends that the circuit court erred in granting to Mrs. Claypoole one-half of his retirement benefits.

## II.

In reviewing challenges to findings that are adopted by a circuit court in divorce proceedings, a three-pronged standard of review is applied. A final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretation are subject to *de novo* review. Syllabus Point 1, *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995).

We have held:

Although *W.Va.Code*, 48-2-1 [1984] and *W.Va.Code*, 48-2-32 [1984] did not specifically mention pension plans as marital property available for equitable distribution, these two Code sections were broad enough to encompass pension plans.

Syllabus Point 4, *Cross v. Cross*, 178 W.Va. 563, 363 S.E.2d 449 (1987).[2]

The net value of marital property, including pension benefits, is ordinarily determined as of the date of the commencement of the divorce action. *W.Va.Code*, 48-2-32(d)(1) [1996].[3]

We have held:

When a court is required to divide vested pension rights that have not yet matured as an incident to the equitable distribution of marital property at divorce, the court should be guided in the selection of a method of division by the desirability of disentangling parties from one another as quickly and cleanly as possible. Consequently, a court should look to the following methods of dividing pension rights in this descending order of preference unless peculiar facts and circumstances dictate otherwise: (1) lump sum payment through a cash settlement or off-set from other available marital assets; (2) payment over

---

1. The Order provided that:
   That [Mrs. Claypoole] is entitled to one half of [Mr. Claypoole's] monthly retirement benefits when [Mr. Claypoole] commences to withdraw the same and an appropriate order reflecting the same that is satisfactory to the plan should be prepared.

2. These statutes have been revised since 1984; however, the revisions do not affect the instant case.

3. *W.Va.Code*, 48-2-32(d)(1)[1996] provides in part:

   After considering the factors set forth in subsection (c) of this section, the court shall:
   (1) Determine the net value of all marital property of the parties as of the date of the commencement of the action or as of such later date determined by the court to be more appropriate for attaining an equitable result[.]

48

time of the present value of the pension rights at the time of divorce to the non-working spouse; (3) *a court order requiring that the non-working spouse share in the benefits on a proportional basis when and if they mature.*

Syllabus Point 5, *Cross v. Cross*, 178 W.Va. 563, 363 S.E.2d 449 (1987) (emphasis added).

The circuit court properly determined the value of Mr. Claypoole's pension benefits as of the date the divorce action was commenced. However, the circuit court's 50–50 division gave the appellee the benefit of contributions made by the appellant *after* the date of the filing of the divorce.

We conclude that the circuit court erred in awarding one-half of the future pension benefits to Mrs. Claypoole, when Mr. Claypoole continued to work and contribute towards his retirement plan after the divorce complaint was filed. The contributions of Mr. Claypoole to the pension plan, following the commencement of the divorce, are not marital assets. The circuit court thus erred in failing to divide future benefits on a proper proportional basis.

We therefore vacate the circuit court's order and remand this matter for reconsideration of the division of the future benefits issue, under the principles set forth in *Cross*.

Reversed and Remanded.

Justice McGRAW did not participate in the decision of this case.